UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TED ARTHUR KING,

    Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, PLACER CO., et al.,

    Defendants.

No. 2:23-cv-2206 TLN DB PS

ORDER

    Plaintiff Ted Arthur King is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about "The Right to Jury Trial in Civil Affairs." (Compl. (ECF No. 1) at 4.)

    The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, the complaint alleges that the "Honorable Judge Michael W. Jones" allowed "defendant to address untimely two-year settled matters[.]" (Compl. (ECF No. 1) at 4.) That Judge Jones ordered "both plaintiff and defendant['s] representative . . . to sign off" on jury instructions but that "never occurred[.]" (Id.) And that Judge Jones created "a miscarriage of justice giving an order to dismiss[.]" (Id.) While the complaint refers to "Superior Court of California, Placer County, case no. S-CV-0042357," the factual allegations at issue are entirely unclear. (Id. at 5.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

////

     Moreover, the complaint names as a defendant the Placer County Superior Court. (Compl. (ECF No. 1) at 1.) The Placer County Superior Court is an arm of the state of California and cannot be sued in federal court due to Eleventh Amendment immunity. See Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) ("Given the extensive control exercised by the state over the municipal courts, we conclude that the municipal court is an arm of the state. Thus it is protected from this lawsuit by Eleventh Amendment immunity.").

     While the complaint does not name Judge Jones as a defendant, plaintiff is advised that "[i]t is well established that state judges are entitled to absolute immunity for their judicial acts." Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967)). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). A judge will not be deprived of immunity because the action she took "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. at 356.

     Additionally, under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

     The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal'

forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

### III.   Leave to Amend

Because plaintiff's complaint fails to state claim upon which relief can be granted the complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for

1 denying leave to amend include undue delay, bad faith, prejudice, and futility." California
2 Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also
3 Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)
4 (holding that while leave to amend shall be freely given, the court does not have to allow futile
5 amendments).

6     However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff
7 may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts
8 in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,
9 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.
10 Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
11 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
12 cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
13 1988)).

14     Here, given the vague and conclusory nature of the complaint's allegations, the
15 undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.
16 Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an
17 amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended
18 complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
19 is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,
20 supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While
21 legal conclusions can provide the complaint's framework, they must be supported by factual
22 allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from
23 conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

24     Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
25 amended complaint complete. Local Rule 220 requires that any amended complaint be complete
26 in itself without reference to prior pleadings. The amended complaint will supersede the original
27 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint,
28 just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed October 4, 2023 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 18, 2024                                  /s/ DEBORAH BARNES
                                                       UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/king2206.dism.lta.ord

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.