UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ARTHUR KING, | No. 2:23-cv-02206-TLN-SCR |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RUSSELL LEE TARVER, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636. Now before the Court are a Motion to Dismiss (ECF No. 11) filed by the defendants who are judges and an Amended Motion to Dismiss (ECF No. 16) filed by Defendants Sacramento County and Santiago James Garcia. The Court will recommend that the motions be granted and the action dismissed.

**I.    Background and Procedural History**

Plaintiff Ted Arthur King filed his Complaint on October 4, 2023 against Placer County Superior Court and five individuals. ECF No. 1. The exact nature of the claims in the original Complaint was unclear. It appeared to complain of the course of discovery in a state court matter and also mentioned landlord tenant issues. ECF No. 1 at 4-7. Plaintiff also filed a motion to proceed in forma pauperis. ECF No. 2. On April 19, 2024, pursuant to screening under 28 U.S.C. § 1915(e), Magistrate Judge Barnes dismissed the Complaint with leave to amend. ECF

1

No. 3. Thereafter, Plaintiff paid the filing fee and filed a First Amended Complaint (FAC). ECF No. 4.

On August 29, 2024, Defendants Michael W. Jones and Joginder S. Dhillon, both California Superior Court judges (the "Judicial Defendants"), filed a motion to dismiss because of judicial immunity, *Rooker-Feldman* doctrine, and the Eleventh Amendment. ECF No. 11. On September 18, 2024, Defendants Sacramento County and Santiago James Garcia (the "County Defendants") filed a motion to dismiss arguing lack of subject matter jurisdiction based on *Rooker-Feldman* and failure to state a claim. ECF 16. On October 2, 2024, Plaintiff filed an opposition to the motions by both sets of defendants, though that opposition was untimely as to the Judicial Defendants' motion.[1] Both sets of defendants filed reply briefs and Plaintiff filed unauthorized sur-replies. The Court took these motions under submission without oral argument.

**II.     Legal Standard for Motion to Dismiss under Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,

---

[1] Pursuant to Local Rule 230(c) any opposition to a motion "shall be filed and served no later than fourteen (14) days after the motion was filed . . . A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." Even though Plaintiff is proceeding without an attorney, he is still obligated to comply with the rules. *See Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants . . . are subject to the same procedural requirements as other litigants.").

the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court cannot assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

### III.    Analysis

The FAC states it is brought pursuant to 42 U.S.C. § 1981. ECF No. 4 at 1. Although Placer County and Sacramento County are listed as Defendants in the caption, they are not named as Defendants in the body of the FAC. The FAC lists as Defendants: 1) Judge Michael Jones of Placer County Superior Court; 2) Judge Joginder Dhillon of Sacramento County Superior Court; 3) Russell Tarver, a "storage yard owner"; 4) Virginia Tarver, a "homemaker"; 5) Kurt Tarver as the son of Russell Tarver; 6) "LEANNE GARCIA? Sac Sheriff"; and 7) Santiago James Garcia, the "SAC SHERIFF." ECF No. 4 at 2-4.

As to Judge Jones, Plaintiff complains of his judicial actions – the dismissal of Plaintiff's state court action, his orders concerning discovery, and his "explanations." ECF No. 4 at 6. As to Russell Tarver, the FAC makes allegations concerning his participation and testimony in the state court proceeding. *Id.* at 9-10. Much of the FAC appears to consist of excerpts from the minutes of the state court proceedings. *See for example* ECF No. 4 at 11 to 24. Plaintiff's claim under §

1981 appears to be that he had some contractual rights with Russell Tarver, and the state court did not enforce them. ECF No. 4 at 25-26. Plaintiff alleges the jury in state court rendered a verdict in favor of Tarver and against Plaintiff and found him liable for $50,000 for negligence. *Id.* at 27.

### A. Judicial Immunity

Judicial Defendants move to dismiss the claims against them in the FAC arguing that they fail to state a claim and are barred by judicial immunity. ECF No. 11. As Judicial Defendants point out, there are no specific facts alleged against Judge Dhillon in the FAC, and the only mention is that Judge Jones took judicial notice of an order from Judge Dhillon. ECF No. 11 at 3-4 (citing page 27 of the FAC). As to Judge Jones, the allegations against him concern judicial acts taken in his judicial capacity. Plaintiff failed to timely file an opposition to the motion to dismiss. The motion was filed August 29, 2024, and Plaintiff's opposition was not filed until October 2, 2024. The Court has considered the untimely opposition (ECF No. 17) which does not directly respond to the argument concerning judicial immunity, and only indirectly responds to the failure to state a claim argument by claiming that his case is really about fraud. At one point Plaintiff argues his "only objective in this court is a trial against defendants for fraud, and/or fraudulent transfer of property, collaterally addressing the courts actions in Placer County, beaming light to the U.S. Supreme Court, from light shed from this court."[2] ECF No. 17 at 4.

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judges are immune from damages actions for judicial acts taken within the jurisdictions of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to plaintiff." *Id.*

Plaintiff states that he brings his claim under 42 U.S.C. § 1981. However, the Ninth Circuit has held that § 1981 does not provide an express or implied cause of action. *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1044 (9th Cir. 2023) (en banc). The Ninth Circuit stated that: "A

---

[2] If, as Plaintiff now seems to contend, his only cause of action is for fraud, then this Court would lack subject matter jurisdiction.

plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Id.* at 1047. Defendants argue that even if Plaintiff's claim is construed as being one under § 1983, he fails to state a claim. The Court agrees that Plaintiff has failed to state a claim against the Judicial Defendants because they are entitled to judicial immunity.

The Court further concludes that leave to amend would be futile. Futility of amendment is a sufficient ground to deny leave to amend. *U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). Amendment would be futile where a defendant is immune to a claim for damages raised in the complaint. *See Valencia v. Juan*, 2024 WL 1007234 at *2 (E.D. Cal. 2024).

### B. *Rooker-Feldman*

County Defendants move for dismissal on the basis of the *Rooker-Feldman*[3] doctrine and failure to state a claim. ECF No. 16-1. Plaintiff filed a timely opposition to the motion (ECF No. 18), and Defendants a reply (ECF No. 21).[4] Under *Rooker-Feldman*, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Stated another way, the *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

The FAC is largely focused on the alleged errors of the state court. Plaintiff complains that Judge Jones dismissal of his case "was an abuse of discretion." ECF No. 4 at 6. He complains of an Order "to retrieve already addressed interrogatories." *Id.* Plaintiff argues Judge

---

[3] The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] Plaintiff has improperly filed sur-replies (ECF No. 22 & 23). Plaintiff is cautioned that he must comply with the Local Rules. *See* LR 230(m) ("After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval [except as provided in subparts (m)(1) & (m)(2)]").

1  Jones improperly denied an earlier motion to compel on October 2, 2020. *Id.* at 10-11.  Plaintiff
2  includes pages and pages of minute entries from state court in the FAC, apparently wishing for
3  this Court to review the state court rulings and decide differently.  Plaintiff also attaches to his
4  FAC a minute order from October 2, 2020, that he disagrees with, and a memo in support of
5  invalid lien judgment.  ECF No. 4 at 30, 39.  When a party relies on state court rulings and
6  proceedings as "evidence" for their federal claims that is an indication the claims are likely
7  precluded by *Rooker-Feldman*. *See Eicherly v. O'Leary*, 721 F.App'x 625, 627 (9th Cir. 2018)
8  ("Plaintiffs' contention that their federal claims assert legal injuries independent of any state court
9  decision—and therefor not barred by *Rooker-Feldman*—is also belied by the fact that they rely on
10  the allegedly erroneous state court orders and decisions as the primary 'evidence' of the
11  underlying due process violations.").

12  It appears that Plaintiff seeks in this Court a de facto appeal of the state court proceedings.
13  *See Noel*, 341 F.3d at 1156 ("Reduced to its essence, *Rooker* held that when a losing plaintiff in
14  state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous
15  legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the
16  federal suit is a forbidden de facto appeal.").  Plaintiff's action is based on the alleged legal
17  wrongs of the state court.  Plaintiff's FAC does not have a clearly stated "relief requested"
18  section, but the final sentence before the closing and signature states: "Plaintiff liable for damages
19  award to defendant Russell Lee Tarver, of $50,000.00, is reversed."  ECF No. 4 at 27.  This
20  sentence is not a model of clarity, but other portions of the FAC refer to the damage award in
21  state court as a "miscarriage of justice," and again at least suggest that Plaintiff seeks to have that
22  award reversed by this Court.

23  Plaintiff also appealed the judgment in state court, and Defendants have submitted the
24  decision of the California Court of Appeal, Third Appellate District (ECF No. 16-2).  The opinion
25  states that the "trial court ordered plaintiff and cross-defendant Ted King, in propria persona, to
26  produce documents and interrogatory responses, but he failed to do so."  ECF No. 16-2 at 4.
27  Plaintiff was then given "several more opportunities to produce" the discovery as the case
28  proceeded towards jury trial. *Id.*  When he still did not do so, the trial court granted defendant

and cross-complainant Tarver's motion for evidentiary sanctions and motion for non-suit. *Id.* at 4-5. Thereafter: "Tarver proceeded to trial on the cross-complaint, where the jury found King liable for negligence, assault, and battery, and awarded Tarver $50,000 in damages." ECF No. 16-2 at 6. The California Court of Appeal affirmed stating: "We find no error in the trial court's issuance of sanctions." *Id.* at 7. The Court of Appeal also rejected an argument that Plaintiff advances in this Court – that the state trial court lacked jurisdiction to impose sanctions. *Id.* at 8 ("We further dispose of King's argument that the trial court lacked jurisdiction to issue sanctions because the motions were untimely."). The Court of Appeal found the motions for sanctions were not untimely, found no error in the grant of nonsuit, and affirmed. *Id.* at 8-10.

The decision by the Court of Appeal was rendered May 31, 2023. Review was denied on August 23, 2023. *King v. Tarver*, 2023 WL 3732722 (Cal. Ct. App. May 31, 2023). Thereafter, on October 4, 2023, Plaintiff filed this action. The timing is further support for the conclusion that this is an improper de facto appeal which is precluded by the *Rooker-Feldman* doctrine. As *Rooker-Feldman* is a jurisdictional doctrine, it is appropriate to dismiss this action without prejudice. *See Eicherly v. O'Leary*, 721 Fed. App'x 625, 627 (9th Cir. 2018). As with judicial immunity, leave to amend as would also be futile in light of the *Rooker-Feldman* issues.

**IV.   Conclusion**

The Court recommends that the Motion to Dismiss (ECF No. 11) filed by Judge Jones and Judge Dhillon be granted on the basis of judicial immunity, the *Rooker-Feldman* doctrine, and for failure to state a claim. The Court further recommends that the Motion to Dismiss (ECF No. 16) filed by Defendants Santiago James Garcia and Sacramento County be granted on the basis of the *Rooker-Feldman* doctrine and for failure to state a claim. The Court further recommends that the action be dismissed without further leave to amend.[5] Plaintiff has already once amended, and

---

[5] The intended defendants are unclear as there are nine listed in the caption, seven in the list of defendants (ECF No. 4 at 2-4), and the allegations focus on only Defendants Judge Jones and Santiago James Garcia. Four have appeared and moved to dismiss. As *Rooker-Feldman* is jurisdictional, dismissal is appropriate even though perhaps not all defendants have been served or appeared. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (district court "may properly on its own motion dismiss an action as to defendants who have not moved to

there a prior screening order (ECF No. 3) informed him of the deficiencies.  The prior screening order explained at length the *Rooker-Feldman* doctrine.  ECF No. 3 at 4-5.  Under these circumstances, further leave to amend would be futile.  Futility of amendment is a sufficient ground to deny leave to amend.  *See U.S. ex rel. Insoon Lee*, 245 F.3d at 1052.

**IT IS HEREBY RECOMMENDED** that the Motion to Dismiss (ECF No. 11) as to Judge Jones and Judge Dhillon be GRANTED, the Motion to Dismiss (ECF No. 16) as to Defendants Santiago James Garcia and Sacramento County be GRANTED, and this action be dismissed without prejudice and without further leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

dismiss where such defendants are in a position similar to that of moving defendants"); *see also Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("although sua sponte dismissals are unusual, they are permitted under our precedent"); *Qin Zhang v. Google, Inc.*, 609 Fed. App'x. 459, 460 (9th Cir. 2015) ("The district court properly dismissed Zhang's federal claims sua sponte for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.").

8